**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMALIA PAOLA ACEITUNO
ACABAL; M. N. G.-A.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No.   23-3455

Agency Nos.
A220-919-575
A220-919-576

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

    Amalia Paola Aceituno-Acabal and her minor daughter, M.N.G.-A., natives

and citizens of Guatemala, petition pro se for review of the Board of Immigration

Appeals' ("BIA") decision dismissing their appeal from an Immigration Judge's

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denial of their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252. "We review the [agency's] legal conclusions de novo, and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (citations omitted). We deny the petition for review.

As to asylum and withholding of removal, Petitioners failed to exhaust the IJ's dispositive conclusion that Petitioners could reasonably and safely relocate within Guatemala. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." (citations omitted)). Because Petitioners could reasonably and safely relocate in Guatemala, they do not have a well-founded fear of future persecution. *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021). Thus, their asylum and withholding of removal claims fail.

For similar reasons, substantial evidence supports the denial of CAT relief. Petitioners have not shown that it is more likely than not that they will be tortured if they return to Guatemala, because they have the possibility of safely relocating within Guatemala. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020).

The temporary stay of removal shall remain in place until the mandate issues.

**PETITION DENIED.**